42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re F & N ACQUISITION COMPANY, a Delaware corporation, Debtor.
GOTTSCHALKS, INC., a Delaware corporation, Appellant,
v.
F & N ACQUISITION COMPANY, Appellee,
and
Citibank, Plaintiff.
 No. 93-35893.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1994.
Decided Nov. 21, 1994.
 
 Before: WOOD,* HUG, and TANG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant, Gottschalks, Inc., appeals from the district court's order affirming the bankruptcy court's grant of summary judgment. This court reviews a grant of summary judgment de novo. In re Agric. Research and Technology Group, 916 F.2d 528, 533 (9th Cir.1990). For summary judgment, the moving party must show that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). Because we find that genuine issues of material fact exist regarding the terms of the sale approved at the June 8 auction, we reverse the district court's order affirming the bankruptcy court's grant of summary judgment.
 
 
 3
 The buyer in a judicial sale is bound by his bid until the court either approves or disapproves the terms of the sale. In re Crown Corp., 679 F.2d 774, 777 n. 4 (9th Cir.1982). Likewise, the bidder is bound by the terms of the agreed upon sale following judicial approval. Id.
 
 
 4
 The principal issue in this case is the terms of the sale actually agreed upon by the buyer and the seller at the auction. The bankruptcy judge can confirm or reject the terms of a sale upon which the buyer and the seller have agreed, but cannot confirm a sale imposing terms to which the parties have not agreed.
 
 
 5
 Appellee submits In re Winston Inn & Restaurant Corp., 120 B.R. 631 (E.D.N.Y.1990) for the proposition that once the court gives its order approving the sale of property between a debtor and a buyer, the order becomes the binding contract between the parties. That case is clearly distinguishable from the present case. In In re Winston, both parties agreed to the condition precedent, and the order itself clearly reflected, that the buyer's bid was contingent on its obtaining a liquor license. The breach in that case was for failure to use best efforts to satisfy the condition precedent.
 
 
 6
 Initially in this case, F & N Acquisition was to sell five leaseholds to parcels of property as a package at the auction. An agreement, dated April 23, 1992, between F & N Acquisition Company ("F & N"), the debtor in possession, and Gottschalks specified detailed terms of the proposed sale upon which Gottschalks' bid would be based. The agreement specified certain contingencies that were conditions precedent to Gottschalks' obligation to purchase. In exchange for Gottschalks' efforts and expense in investigating the five parcels, it was given some bidding preference. The bankruptcy judge entered an order requiring Gottschalks to waive in writing the contingencies before it would be allowed to bid.
 
 
 7
 Prior to the auction, it developed that F & N could only offer four leasehold parcels for sale and these were offered individually, not as a package. Gottschalks did not execute a written waiver of the contingencies as had been specified by the court in approving the procedure for the five-parcel sale. The auction was conducted outside the presence of the court, and the proceedings were not recorded.
 
 
 8
 There are genuine issues of material fact as to what was orally expressed at the auction and the intent of the parties in offering and accepting bids. It is obvious that all the terms of the April 23 agreement were not applicable because of the changed circumstances of the sale. The notice of sale did not clarify the terms of the bidding, and the parties have different recollections of what transpired at the auction.
 
 
 9
 Gottschalks provided affidavits that its bid for the Northtown site was subject to contingencies specified in the April 23 agreement. It contends that one of the unfulfilled contingencies was the approval of its lender which, in exercising its best efforts, it could not obtain. Thus, it contends that it is not obligated to purchase the property.
 
 
 10
 The bankruptcy judge approved the sale for $3,000,000 "substantially" in the form of the written agreement of April 23, 1992. This leaves open the factual question of what were the substantial terms of that agreement that were incorporated as a part of the bidding procedure.
 
 
 11
 Because there are substantial issues of material fact as to what transpired at the auction and the terms of the sale intended by the parties, we reverse the summary judgment, and remand for further proceedings.
 
 
 12
 REVERSED and REMANDED.
 
 
 
 *
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3